# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KAYLA H.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-18** (Fam. Ct. Berkeley Cnty. No. FC-02-2017-D-9)

**STEPHANIE B.,**
**Respondent Below, Respondent**

**FILED**
**January 10, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kayla H.[1] appeals the Family Court of Berkeley County's "June 28th, 2022 Final Hearing Order" entered July 15, 2022. In that order, the family court granted Respondent Stephanie B.'s petition for modification and ordered that Stephanie B. would have custody of the parties' minor child through the school week during the school year. This required the minor child to change schools from Berkeley County, West Virginia, where Kayla H. resides, to Frederick County, Virginia, where Stephanie B. resides. Stephanie B. responds in support of the family court's order. Kayla H. filed a reply brief.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, this case is remanded to the family court for entry of an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

Kayla H. and Stephanie B. were married on August 28, 2014. The parties have one child, N.B., born during their marriage. Their divorce was finalized on December 14, 2017, and the Final Custody Order was entered on August 15, 2018.

Relevant to the instant appeal, on September 30, 2021, Stephanie B. filed a petition for modification. On June 28, 2022, the family court held a final hearing on Stephanie B.'s

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g*., W. Va. R. App. P. 40(e); *State v. Edward Charles L*., 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] In this appeal, neither party is represented by counsel.

1

petition for modification. Following the hearing, the family court issued the "June 28th, 2022 Final Hearing Order" on July 15, 2022. The family court's findings and conclusions are six sentences long in total, and provide only the following:

1. The parties are the parents of the subject infant child [N.B.] born on or about [birthdate omitted].
2. The Court FINDS that [Kayla H.] did not obtain a proper psychological evaluation as previously ordered by this Honorable Court.
3. The Court has reviewed the Honorable Judge Lorensen's findings contained within the related case matter in Case No. 19-P-309.
4. The Court FINDS that [Kayla H.] has engaged in conduct designed to subject [Stephanie B.] to suffer parental alienation from the subject infant child.
5. The Court further FINDS that this conduct constitutes a consideration, formerly known as a limiting factor, pursuant to W. Va. Code § 48-9-209(4). [Kayla H.] has testified that she would be unable to transport the child to school every day, thus making an equal custodial schedule impossible.

As a result of these findings and conclusions, the family court ordered, among other things, that Stephanie B. would have custody of the parties' minor child through the school week during the school year, that Kayla H. would enjoy custodial allocation on the weekends, and that during the summer, the parties would have equal custodial allocation.

Generally, we review a family court appeal pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). However, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review.

The Supreme Court of Appeals has said that to properly review an order of a family court:

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province,* 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

The family court's "June 28th, 2022 Final Hearing Order" does not contain sufficient findings of fact and conclusions of law to facilitate a meaningful review. It is unclear from the family court's order what conduct was designed to subject Stephanie B. to suffer parental alienation; what conduct constitutes a consideration pursuant to West Virginia Code § 48-9-209(a)(4) (2022);[3] or whether the family court's decision is purely punitive or is a reasonably calculated limitation designed to protect N.B. and Stephanie B.

Further, pursuant to West Virginia Code § 48-9-209(c), once the family court made a consideration finding pursuant to West Virginia Code § 48-9-209(a)(4), the family court was required to make special written findings that N.B. and Stephanie B. can be adequately protected from harm by the limits placed by the family court before the family court can allocate custodial responsibility or decision-making responsibility to Kayla H.

Accordingly, we remand to the Family Court of Berkeley County with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. If it is not possible to do so based upon the record, the family court may conduct such further proceedings as it deems necessary. To avoid undue disruption of the child, the custodial allocation set forth in the family court's "June 28th, 2022, Final Hearing Order" shall remain in effect pending entry of a final order by the family court consistent with this decision. The Clerk is hereby directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with Directions.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Tera Salango, sitting by temporary assignment

Judge Charles O. Lorensen, voluntarily recused

---

[3] The Court notes that the enrolled version of West Virginia Code § 48-9-209 does not contain a subsection "a." This appears to be a typographical error as the subsection immediately following the initial subsection is labeled "b" and subsection "a" is referenced in West Virginia Code § 49-9-209(c).